"O"

FILED
CLERK, U.S. DISTRICT COURT

OCT 23 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA HALL, | Case No. CV 08-755 AN |
| Plaintiff, | ORDER AFFIRMING FINAL DECISION OF THE COMMISSIONER |
| v. | |
| MICHAEL J. ASTRUE, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

The Court now rules as follows with respect to the two disputed issues in the Joint Stipulation ("JS").[1]

### Issue #1

Plaintiff contends the Administrative Law Judge ("ALJ") did not properly consider her obesity. (JS 2-3.) She also asserts the ALJ failed to determine the effect her obesity had on her "other impairments, her ability to work, and her general health." (JS 3.) The present contention fails for the reasons set forth by the Commissioner in the JS, i.e., the record shows that the ALJ considered Plaintiff's obesity when she found that it had more than a minimal affect on her ability to perform work-related activities and was a severe impairment (AR 307); the medical record did not indicate that her obesity exacerbated

---

[1] Both parties have consented to proceed before the undersigned Magistrate Judge. In accordance with the Court's Case Management Order, the parties have filed the JS and seek a dispositive order regarding the disputed issues set forth in the JS. The Court's decision is based upon the pleadings, the Administrative Record ("AR"), and the JS.

her other impairments; and Plaintiff was represented by counsel yet did not raise her obesity as an impairment. (JS 7-9.) *See Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir.2005) (where claimant represented by counsel and record does not indicate that obesity exacerbated other impairments, ALJ does not have burden to further develop record regarding obesity).[2/] The present contention is without merit.

## Issue #2

Plaintiff contends that the ALJ improperly failed to discuss the type, dosage and side effects of her medications. (JS 9.) Plaintiff, who is represented by counsel, does not specifically identify in the JS any side effects from which she is suffering. (JS 9-11.) Plaintiff does not otherwise explain how the type or dosage of her medications affected her ability to perform work-related activities. (JS 9-11.)

The present contention fails because Plaintiff has not shown that her alleged side effects were severe enough to interfere with her ability to work. In her March 9, 2005 Disability Report, Plaintiff stated that her medications gave her the following side effects: Dry mouth, constipation and drowsiness. (AR 59.) A January 4, 2005 progress note states that Plaintiff tolerated Depakote, Indocin and Elavil but experienced fatigue. (AR 254.) At her October 15, 2007 hearing, Plaintiff testified that some of her medications cause drowsiness and "basically makes me high." (AR 412, 415.) The court has not found in the record, and Plaintiff has not identified, any other indications that Plaintiff suffered from side effects. These passing mentions of side effects did not indicate that Plaintiff's side effects were severe enough to interfere with her ability to work. The present contention fails. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1164 (9th

\ \ \

---

[2/] Further, the Court's review of the medical record reveals only one reference indicating that Plaintiff's obesity may have affected her--a notation on October 30, 2006 that Plaintiff was suffering from heel pain which may have been caused by plantar fasciitis or weight gain. (AR 368.) This notation does not indicate that the heel pain caused a limitation in Plaintiff's ability to perform a work-related activity or that she continued to suffer from the pain after that date. The medical record does not contain any other indications that Plaintiff's obesity affected her ability to perform work-related activities or exacerbated her other impairments.

Page 2

Cir. 2001) (ALJ need not consider side effects where there were passing mentions of side effects but no evidence that side effects severe enough to interfere with ability to work).

### Conclusion

Based upon the foregoing, the Court finds the Commissioner's final decision is free of legal error and supported by substantial evidence in the record. IT IS THEREFORE ORDERED that a judgment be entered affirming the Commissioner's final decision and dismissing this action with prejudice.

DATED: October 23, 2008

        /s/ Arthur Nakazato
ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE